# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

CHRISTINA HERRERA,

        Plaintiff,

v.                                      No. CV 16-00034 WJ/CG

LAS CRUCES PUBLIC SCHOOLS,
BELINDA LOPEZ, and CRISTINA SALAZAR,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendants Las Cruces Public Schools, Belinda Lopez, and Cristina Salazar's ("Defendants") 12(b)(6) Motion to Dismiss Plaintiff's First and Second Causes of Action for Failure to State a Claim Upon Which Relief Can Be Granted (**Doc. 5**), filed January 14, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Defendants' Motion to Dismiss is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

Plaintiff Christina Herrera ("Ms. Herrera") alleges that in the months leading up to April 29, 2012, she attempted to end a friendship with Steven Lopez, the son of Defendant Belinda Lopez and nephew of Defendant Cristina Salazar, both of whom were co-workers with Ms. Herrera at Defendant Las Cruces Public Schools. Plaintiff alleges that Steven Lopez began stalking her following her attempt to end the relationship, and that she notified her co-workers and the School's administration that she was in fear for her safety. On April 29, 2012, Steven

Lopez arrived at Plaintiff's home and attempted to enter the residence. Plaintiff hid under the bed in the guest room and called police. Steven Lopez broke through glass in the entryway of Plaintiff's home, armed with a rifle. Plaintiff alleges that this rifle was registered to Belinda Lopez and her husband. Police arrived at the home and confronted Steven Lopez, who killed himself with the rifle in the entryway of her home. As a result, Plaintiff was diagnosed with post-traumatic stress disorder, acute stress, anxiety, and severe emotional distress. Plaintiff was placed on administrative leave from her employment at Las Cruces Public Schools. Plaintiff was subsequently moved from the school where she had worked for six years to an elementary school which housed the day-treatment program for students with severe emotional and behavioral disorders.

On July 12, 2012, Plaintiff met with officials from Las Cruces Public Schools to discuss her requested accommodations due to her mental health diagnosis. Plaintiff requested that she not be situated near Belinda Lopez or Cristina Salazar and that she fill two part-time evaluator positions. She also stated that she could not perform the functions of part-time psychologist due to her doctor's recommendations. Plaintiff alleges that she was advised that she would not be permitted to attend professional development meetings, continuing education courses, or department meetings, and was asked to provide a second letter from her doctor stating her necessary accommodations. Plaintiff's doctor provided the second letter identifying Plaintiff's disability and the accommodations she required. Just prior to the start of the school year, Defendants placed Plaintiff on administrative leave and scheduled an ADA meeting. On September 27, 2012, Plaintiff alleges that Defendants advised her that she would be placed on Family and Medical Leave Act leave until December 2012, and that she would be terminated if she could not subsequently return to work without accommodations. After securing union

representation, Plaintiff was placed on a medical leave of absence for the 2012–2013 school year. In May 2013, Plaintiff agreed to take a leave of absence for the 2013–2014 school year, believing that she would have been terminated if she requested accommodations for her disability. Plaintiff scheduled a meeting, held on June 3, 2013, to state that she wanted to return to work and could do so with the appropriate accommodations. Plaintiff subsequently filed a claim with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleges that Defendants offered her the option to return to her position during the EEOC investigation, but instead, she subsequently received a letter approving her personal leave of absence, though she did not request one.

Plaintiff alleges that Defendant Las Cruces Public Schools retaliated and discriminated against her by continuing to place her on leave and refusing to allow her to return to work until she could work without accommodations. Further, she alleges that Las Cruces Public Schools acted in bad faith by offering Plaintiff the opportunity to return to her job, only to place her on an additional unrequested leave of absence. Plaintiff also alleges that Defendants Belinda Lopez and Cristina Salazar urged Plaintiff to continue her friendship with Steven Lopez despite Plaintiff's concerns. Belinda Lopez also allegedly allowed Steven Lopez access to the firearm that was owned by her and ultimately used in the commission of his suicide. Plaintiff alleges that this conduct was outrageous and reckless under the circumstances, and seeks damages for claims of Intentional Infliction of Emotional Distress and Prima Facie Tort.

Plaintiff filed a charge of disability discrimination and retaliation with the New Mexico Human Rights Division ("NMHRD") and was mailed an Order of Nondetermination on or about September 2, 2015. Plaintiff then filed her Complaint in the 3rd Judicial District Court, Dona Ana County, State of New Mexico on December 7, 2015. Defendants timely removed the case to

this Court on January 13, 2016, having been served with the Complaint on December 15, 2015. Defendants filed their Motion to Dismiss (**Doc. 5**) on January 14, 2016, and Plaintiff filed her Response (**Doc. 9**) on January, 28, 2016. Defendants filed their Reply (**Doc. 11**) on February 4, 2016.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

In their Motion to Dismiss, Defendants argue that pursuant to N.M. STAT. ANN. § 28-1-13 (1978), "[a] person aggrieved by an order of the commission may obtain a trial *de novo* in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety (90) days from the date of service of the commission's order." In this case, Plaintiff and Defendant Las Cruces Public Schools were

served with the order of the commission by the NMHRD on September 2, 2015. In determining

the date of service under New Mexico law, Defendants argue that "the general understanding . . .

is that delivery and mailing are proper, and that service by mail is complete upon mailing." *Vigil

v. City of Espanola*, No. CIV 08-0980 JB/RLP, 2009 WL 1300746, *10 (D.N.M. Feb. 18, 2009).

Therefore, the ninety-day time period in which Plaintiff was required to file her lawsuit expired

on December 3, 2015. Plaintiff filed her lawsuit on December 7, 2015.

Defendant Las Cruces Public Schools alleges that they received their Notice of

Nondetermination by U.S. Mail on September 4, 2015, and thus, even assuming, *arguendo*, that

the ninety days began the day after receipt of the Notice, the time period for Plaintiff to file

would have expired on December 4, 2015, still three days overdue. Plaintiff states in her

Complaint that, "Plaintiff was mailed an Order of Non-Determination on September 2, 2015, and

received the same on or about September 6, 2015 by the New Mexico Department of Workforce

Solutions, Human Rights Bureau." Defendants argue that as September 6, 2015 was a Sunday,

and September 7, 2015 was a federal holiday (Labor Day), no mail was delivered either of those

days. Defendants infer that Plaintiff likely also received the Order of Nondetermination on

September 4, 2015. Thus, Defendants argue that Plaintiff still cannot show that the lawsuit was

timely filed.

Plaintiff responds that in determining how time is calculated, New Mexico Rules of Civil

Procedure for the District Courts apply, providing that "[w]henever a party has the right or is

required to do some act or take some proceedings within a prescribed period after the service of a

notice . . . is served upon the party by mail, three (3) days shall be added to the prescribed

period." NMRA 1-006. Plaintiff thus argues that three days from September 4, 2015 (the day Las

Cruces Public Schools received the Notice) is September 7, 2015. NMRA 1-006(A) requires that

"the day of the act from which the designated period of time begins to run shall not be included

and the last day to act shall be included unless it is a Saturday, Sunday, or legal holiday." Taking

into account that December 6, 2015 was a Sunday, NMRA 1-006(A) requires an extension to

Monday, December 7, 2015. Thus, Plaintiff argues she filed her Complaint on exactly the

ninetieth day. Plaintiff concludes that a motion to dismiss under Rule 12(b)(6) should be granted

only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support if its

claims to entitle it to relief.

Defendants reply that NMRA 1-076, which applies to appeals from the NMHRD,

expressly notes that "[t]he three (3) day mailing period set forth in Rule 1-006 does not apply to

the time limit for filing a notice of appeal." Given this express language, Defendants argue that

the three day mailing period does not apply, and therefore, as a statute of limitations bar may be

resolved on a Rule 12(b)(6) motion to dismiss, "when the dates given in the complaint make

clear that the right sued upon has been extinguished," Defendants' Motion to Dismiss should be

granted. *Aldrich v. MuCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The Court finds that the statute of limitations began running at the time of service, which

in this case was the time of mailing: September 2, 2015. It is clear from the statutory language

that NMRA 1-076 applies to appeals from the NMHRD. It is also clear that while NMRA 1-006,

cited by Plaintiff, applies generally in computing time periods, it also states that, "[t]his rule

applies . . . unless another Supreme Court rule of procedure contains time computation

provisions that expressly supersede this rule." NMRA 1-006(A). NMRA 1-076 contains such

express language: "[t]he three (3) day mailing period set forth in Rule 1-006 does not apply to

the time limit for filing a notice of appeal." NMRA 1-076(D). Thus, NMRA 1-076 is the

applicable rule, and an appeal "shall be taken within ninety (90) days from the date of service on

the parties." *Id. See also Haynes v. Presbyterian Healthcare Servs.*, No. 34,489, 2015 WL 4366698, *1 (N.M. June 30, 2015) (finding that the district court did not err in dismissing NMHRA claims because the more specific provision found in NMRA 1-076 applied).

Because the clock began running on the date of the mailing of the Order of Nondetermination, the Court calculates that Plaintiff had until December 1, 2015 (the ninetieth day) to file her notice of appeal.[1] Plaintiff filed her lawsuit on December 7, 2015. Even assuming the Order of Nondetermination was not mailed until September 3, 2015, Plaintiff's Complaint would still be untimely. Even assuming, *arguendo*, that the clock began running on September 4, 2015, the date Las Cruces Public Schools received the Order of Nondetermination, Plaintiff's Complaint would again be untimely.

Having determined that Plaintiff has failed to file her Complaint within the required ninety-day time period, the Court turns to examine whether there are circumstances in this case that compel a finding that the ninety-day period should be tolled or whether some other equitable basis may apply to exempt Plaintiff from New Mexico's statute of limitations. New Mexico has characterized equitable tolling as a non-statutory tolling principle that provides relief in cases when circumstances beyond the plaintiff's control preclude filing suit within the statute of limitations. *See Snow v. Warren Power & Machinery*, 354 P.3d 1285, 1290 (N.M. 2015). The Supreme Court of New Mexico has also contemplated tolling in the summary judgment context arising from an appeal from the Human Rights Division. *See Ocana v. American Furniture Company*, 91 P.3d 58, 67 (N.M. 2004). There, the Human Rights Division failed to notify plaintiff's attorney of record of the decision, and the court determined that a fact-finder could find that the Human Rights Division's actions tolled the statute of limitations. In this case,

---

[1] By the Court's calculation, the statute of limitations ran on December 2, 2015. By Defendants' calculation, the statute of limitations ran on December 3, 2015. (**Doc. 5**, at 4). Regardless, the point is moot.

Plaintiff has not demonstrated any "extraordinary circumstances" that prevented her from timely filing the Complaint. *Snow*, 354 P.3d at 1291. Nor is there any indication that the NMHRD failed to notify Plaintiff of the Order of Nondetermination. In a similar factual situation, *Vigil v. City of Espanola*, the court declined to "create some novel equitable basis" because it was "not a situation where [plaintiff] mistakenly added three days for the mail rule and, as a consequence, barely missed the limitations period." No. CIV 08-0980 JB/RLP, 2009 WL 1300746, *14 (D.N.M. Feb. 18, 2009). There, the plaintiff filed her lawsuit twenty-eight days after the mailing of the Order of Nondetermination.

This case does involve a situation where the Plaintiff has barely missed the limitations period. Assuming, incorrectly, that the clock began to run on September 4, 2015, the day Las Cruces Public Schools received the Notice, and also incorrectly including the three-day mail rule and last day exclusion from NMRA 1-006(A), Plaintiff's Complaint would be filed on exactly the ninetieth day. However, Plaintiff has made no such argument that she mistakenly believed that NMRA 1-006(A) applied, and thus, legitimately believed the Complaint was timely filed. Rather, Plaintiff's arguments asserted that NMRA 1-006(A) was the proper rule to calculate the statute of limitations time period. Nor has Plaintiff made any equitable argument encouraging this Court to create some novel equitable basis to exempt her from New Mexico's statute of limitations. Given the lack of any applicable mitigating equitable doctrine, the Court finds that Plaintiff's NMHRD claims are time barred.

Accordingly, the Court finds that Defendants' Motion to Dismiss is well taken, and therefore **GRANTED**.

8

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE