**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTINA HERRERA,

Plaintiff,

v. No. CV 16-00034 WJ/CG

LAS CRUCES PUBLIC SCHOOLS,
BELINDA LOPEZ, and CRISTINA SALAZAR,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

THIS MATTER comes before the Court upon Plaintiff Christina Herrera's Motion to Alter or Amend Judgment (**Doc. 22**), filed April 29, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Plaintiff's Motion to Alter or Amend Judgment is not well-taken, and therefore **DENIED**, as herein described.

**BACKGROUND**

Plaintiff Christina Herrera ("Plaintiff") filed a Complaint in the 3rd Judicial District Court, Dona Ana County, State of New Mexico on December 7, 2015, alleging that Defendant Las Cruces Public Schools retaliated and discriminated against her by continuing to place her on leave and refusing to allow her to return to work until she could work without accommodations. Further, she alleges that Las Cruces Public Schools acted in bad faith by offering Plaintiff the opportunity to return to her job, only to place her on an additional unrequested leave of absence. Plaintiff also alleges that the conduct of Defendants Belinda Lopez and Cristina Salazar was outrageous and reckless under the circumstances, and seeks damages for claims of Intentional

Infliction of Emotional Distress and Prima Facie Tort.

Defendants timely removed the case to this Court on January 13, 2016, having been served with the Complaint on December 15, 2015. Defendants filed a Motion to Dismiss (**Doc. 5**) on January 14, 2016, and Plaintiff filed her Response (**Doc. 9**) on January, 28, 2016. Defendants filed their Reply (**Doc. 11**) on February 4, 2016. In a Memorandum Opinion and Order (**Doc. 20**) filed on April 1, 2016, this Court granted Defendants' Motion to Dismiss, determining that Plaintiff failed to file her Complaint within the required ninety-day period, and therefore, Plaintiff's claims were time-barred.

Plaintiff filed a Motion to Alter or Amend Judgment (**Doc. 22**) on April 29, 2016, seeking this Court to alter or amend its judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Defendants filed a Response (**Doc. 23**) on May 13, 2016.

## LEGAL STANDARD

Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). This is so because Rule 59(e) circumvents the normal appeals process. *See id*. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple. *See National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

## DISCUSSION

In the Memorandum Opinion and Order, this Court found that the statute of limitations began running at the time of service, which in this case was the time of mailing. The Court further found that NMRA 1-076(D) expressly made clear that the three-day mail rule set forth in NMRA 1-006 did not apply to appeals from the New Mexico Human Rights Division ("NMHRD"). Because Plaintiff filed her Complaint on December 7, 2015, the Court determined that Plaintiff's Complaint was untimely and Defendants' Motion to Dismiss should be granted.

In the section of her Motion titled "Potential Errors," Plaintiff argues that it is unclear why the Court found that the last day exclusion from NMRA 1-006(A) did not apply in calculating the time limits to bring her claim. Plaintiff notes that a plain reading of NMRA 1-076(D) indicates that the only portion of NMRA 1-006 that does not apply is the section involving the three day mailing period. Plaintiff additionally argues that it is unclear why, in calculating the statute of limitations period, the Court concluded that Plaintiff used the date Las Cruces Public Schools purportedly received notice, as opposed to considering the date of the postmark. Plaintiff submitted as evidence the envelope showing that the Order of Nondetermination was postmarked to Plaintiff's attorney on September 4, 2015. Plaintiff argues that there are strong policy rationales for equitable tolling when an agency fails to use common and reasonable methods for notifying claimants of the agency's actions. In this case, Plaintiff alleges that the NMHRD misspelled Plaintiff's street name on the address of the Order of Nondetermination. Plaintiff avers in an affidavit that she did not receive a copy of the Order until September 10, 2015. Plaintiff also alleges that the NMHRD delayed the mailing of the Order to Plaintiff's counsel, apparently based on the fact that while Las Cruces Public Schools stated that they received a copy of the Order on September 4, 2015, the copy sent to Plaintiff's counsel was postmarked on September 4, 2015. Finally, Plaintiff argues that the Order of Nondetermination

states in relevant part: "If you do not file a notice of appeal with the appropriate district court within (90) days of your receipt of this order . . . your right to appeal this order of nondetermination to the district court will expire." (capitalized and bolded letters in original).

The Court finds that Rule 59(e) relief is not appropriate in this case as Plaintiff has made no showing that this Court has misapprehended the facts, Plaintiff's position, or the controlling law. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Rather, Plaintiff's Motion is largely a rehash of the Motion to Dismiss briefing already decided by the Court.

First, Plaintiff argues that it is unclear why the Court found that the last day exclusion from NMRA 1-006(A) does not apply in calculating the time limits to bring her claim. Simply put, the Court made no such finding. The Court agrees with Plaintiff that "[a] plain reading of NMRA 1-076(D) seems to indicate that the only portion of NMRA 1-006 that does not apply is the section involving the three day mailing period." The Court calculated that the statute of limitations began to run on the date of service, which the Court found to be the date of the Order of Nondetermination: September 2, 2015. As Defendants alleged in their Reply (**Doc. 11**), the NMHRD Records Liaison Lora Olson maintains a policy to mail an order the same day it is created. Therefore, the Court found that the statute of limitations ran until December 1, 2015, a Tuesday. The last day exclusion applies "if the last day is a Saturday, Sunday, or legal holiday" and allows the time period to continue to run until the end of the next day. NMRA 1-006(A). The Court did not find that the last day exclusion from NMRA 1-006(A) did not apply, simply that it was not relevant as Tuesday, December 1, 2015 is not a Saturday, Sunday, or legal holiday. The Court also calculated, *arguendo*, the statute of limitations from September 4, 2015, the date Las Cruces Public Schools allegedly received the Order of Nondetermination, and the date of the

postmark on the letter Plaintiff's counsel attached to her Response (**Doc. 9**). Again, the Court found the last day exclusion irrelevant given that this calculation would result in the statute of limitations running until December 3rd, 2015, a Thursday, and again, not a Saturday, Sunday, or legal holiday.

This determination also explains Plaintiff's second suggestion of error questioning why the Court used the date Las Cruces Public Schools purportedly received notice, as opposed to considering the date of the postmarked letter Plaintiff attached as evidence. As an initial matter, these dates are identical: September 4, 2015. The Court highlighted Las Cruces Public Schools' receipt of the Order on September 4, 2015 to underscore that even were the Court to generously and incorrectly calculate the statute of limitations based on a party's date of receipt, Plaintiff's Complaint would still be untimely. Separately, the Court notes that Plaintiff has variously alleged that the Order of Nondetermination was mailed on September 2, 2015 and received on September 6, 2015 (**Doc. 1**), that the Order of Nondetermination was not mailed until September 4, 2015 (**Doc. 9**), that Plaintiff likely received notice on September 8, 2015 (**Doc. 9**), and now an Affidavit by Plaintiff stating that she received notice on September 10, 2015 (**Doc. 22**).

Third, Plaintiff argues that the NMHRD failed to use common and reasonable methods for notifying claimants of the agency's actions. Plaintiff points to the fact that the NMHRD misspelling of Plaintiff's street name caused Plaintiff to not receive the Order until September 10, 2015. The Court finds Plaintiff's argument problematic for several reasons. At the outset, it is clear that the statute of limitations began to run on the date of mailing, not on the date of receipt. Further, as Defendants outline in their Response, the two cases Plaintiff cites in support of equitable tolling are not applicable to the facts of this case. In *Snow v. Warren Power & Machinery, Inc.*, the statute of limitations expired due to "inevitable, systemic complications,

such as the time for the district court to process the motion to amend . . . ." 354 P.3d 1285, 1290 (N.M. 2015). Clearly, no such similar scenario exists here. Next, in *Ocana v. American Furniture Co.*, an error by the NMHRD caused the plaintiff's attorney to not receive notice of the commission's order altogether. In this case, at the most, Plaintiff's receipt of the Order of Nondetermination was delayed by eight days. Such a time period still allowed Plaintiff over eighty-two (82) days to file her appeal before the statute of limitations ran. Plaintiff also alleges that the NMHRD delayed the mailing of the Order to counsel, apparently based on the fact that Plaintiff's notice of the Order was postmarked on September 4, 2015. Again, the same reasoning applies. The Court finds that Plaintiff has not demonstrated that the NMHRD failed to use common and reasonable methods to notify either Plaintiff or Plaintiff's counsel.

Finally, Plaintiff points to the Order of Nondetermination itself, which states in relevant part: "If you do not file a notice of appeal with the appropriate district court within (90) days *of your receipt of this order* . . . your right to appeal this order of nondetermination to the district court will expire." (capitalized and bolded letters in original) (emphasis added)." The Court does agree with Plaintiff that this statement misstates the statutory language. However, this District has already considered this identical issue and declined to toll the deadline to file, and the Court finds this reasoning compelling. In *Vigil v. City of Espanola*, the court noted that while the main section of the letter recites the statutory requirement of Section 28-1-13A that a party has ninety days from the time of service, another part of the letter states in bold type that the notice of appeal must be filed within ninety days of receipt of the order. *See* No. CIV 08-0980 JB/RLP, 2009 WL 1300746, *13 (D.N.M. Feb. 18, 2009). In *Vigil*, the court found that the statutory language, cited by the letter, is the binding law, not the warning at the end of the Order. Even so, both plaintiff and attorney "should have been alerted to the possibility that 'service' and 'receipt'

are not the same, and reliance on the letter's language without further investigation, rather than that of the statute, would be unwise." *Id*. The Court finds this reasoning to be fully applicable to the factual situation here.

To the extent that Plaintiff's argument raises the issue of equitable estoppel and seeks this Court to exempt her from the statute of limitations, the Court notes that a Rule 59(e) Motion is not appropriate "to advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In the Memorandum Opinion and Order, this Court noted that Plaintiff has "made no such argument that she mistakenly believed that NMRA 1-006(A) applied" nor "made any equitable argument encouraging this Court to create some novel equitable basis to exempt her from New Mexico's statute of limitations." (**Doc. 20**). Regardless, to succeed on an estoppel argument, Plaintiff must establish that "(1) the government knew the facts; (2) the government intended its conduct to be acted upon or so acted that plaintiffs had the right to believe it was so intended; (3) plaintiffs must have been ignorant of the true facts; and (4) plaintiffs reasonably relied on the government's conduct to their injury," and also establish "affirmative misconduct on the part of the government." *Kilmer v. Goodwin*, 99 P.3d 690, 697 (N.M. Ct. App. 2004) (citations omitted). The Court finds that Plaintiff has not met the criteria for equitable estoppel, particularly in establishing any affirmative misconduct on the part of the government. While the Court is sympathetic to Plaintiff's situation, especially in light of the conflicting language on the Order of Nondetermination, there is compelling existing case law contrary to Plaintiff's position and the Court is bound by existing statutes. Thus, short of creating new law or fashioning a novel equitable estoppel argument, the Court cannot find a method of affording Plaintiff the relief she seeks.

Accordingly, the Court finds that Plaintiff's Motion to Alter or Amend Judgment is not well-taken, and therefore **DENIED**.

**SO ORDERED**

UNITED STATES DISTRICT JUDGE